IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

WENDY SUE C.[1],

        Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.

Civ. No. 6:22-cv-01876-AA

OPINION & ORDER

AIKEN, District Judge:

This case comes before the Court on Plaintiff's Unopposed Motion for Attorney Fees. ECF No. 20. For the reasons set forth below, the motion is GRANTED in part and Plaintiff's counsel is awarded fees totaling 25% of past-due benefits.

## LEGAL STANDARD

Upon entering judgment in favor of a Social Security claimant who was represented by an attorney, a court "may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]" 42 U.S.C. § 406(b)(1)(A). Section 406(b) expressly requires any attorney's fee awarded

---

[1] In the interest of privacy, this opinion uses only first name and the initial of the last name of the non-governmental party or parties in this case.

Page 1 – OPINION & ORDER

under that section to be payable "out of, and not in addition to, the amount of such past due benefits." *Id.*

In *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002), the Supreme Court clarified that § 406 "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Id.* at 807. Courts must approve § 406(b) fee determinations by, first, determining whether a fee agreement has been executed and then testing it for reasonableness. *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009) (*en banc*) (citing *Gisbrecht*, 535 U.S. at 808). "Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." *Gisbrecht*, 535 U.S. at 807. Even within the 25 percent boundary, however, "the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.*

## DISCUSSION

On October 2, 2023, the Court remanded this case for award of benefits. ECF Nos. 16, 17. On November 28, 2023, the Court granted Plaintiff's application for fees pursuant to the Equal Access to Justice Act ("EAJA") and awarded $6,179.16 in attorney fees. ECF No. 19. On remand, Plaintiff was awarded past-due benefits in the amount of $67,710.70. Pl. Mot. Ex. 1, at 1. ECF No. 20-3. Plaintiff seeks an award of $22,111.00 in attorney fees under § 406(b) to be reduced by the previously awarded EAJA fees.

I.      **Contingency Fee Agreement**

Under *Gisbrecht*, the Court's first duty when considering whether to approve a contingency fee agreement is to determine whether it is within the statutory 25% cap. *Gisbrecht*, 535 U.S. at 807-08. The fee agreement between Plaintiff and Plaintiff's counsel contemplated a contingency fee award of up to 25% of past-due benefits "minus any EAJA fees paid." Pl. Mot. Ex. 3. ECF No. 20-1.

Here, Plaintiff's counsel seeks an award of fees that exceeds the maximum allowed by statute and by the contract. As noted, Plaintiff received past due benefits in the amount of $67,710.70 and seeks a total award of fees in the amount of $22,111.00. *See* Pl. Mot. 2 ("Plaintiff's attorney motions the court for approval of fees in the amount of $22,111.00, which is 25% of the retroactive benefits."). However, $22,111.00 is 32.65% of the past-due benefits, which exceeds the statutory cap. The contract between Plaintiff and Plaintiff's counsel also stipulates that Plaintiff's counsel's fees would amount to 25% of the past-due benefits, inclusive of the amount awarded in EAJA fees:

> I understand that if Mr. Haapala prevails on my behalf at federal court, and I am subsequently awarded benefits, that Mr. Haapala will be entitled to request **the full amount of 25%** of my past-due benefits without a cap of $6,000 (minus any EAJA fees paid) under 42 U.S.C. 406(b).

Pl. Mot. Ex. 3 (emphasis in original).[2]

The EAJA savings provision allows attorneys to receive fees under both the EAJA and § 406(b), however "in order to maximize the award of past-due benefits to

---

[2] Plaintiff's proposed Order, ECF No. 20-1, also contemplates that the EAJA fees would be retained by counsel "in partial satisfaction of the § 406(b) award."

claimants and to avoid giving double compensation to attorneys, the savings provision requires a lawyer to offset any fees received under § 406(b) with any award that the attorney receives under [28 U.S.C.] § 2412 if the two were for the same work." *Parrish v. Comm'r*, 698 F.3d 1215, 1218 (9th Cir. 2012) (internal quotation marks and citation omitted); *see also* 42 U.S.C. § 406(b)(2) (establishing criminal penalties for retaining fees in excess of the percentage allowed and awarded under § 406(b)(1)).

An award of fees totaling 25% of the past-due benefits in the amount of $67,710.70 would be $16,927.67. The Court will therefore reduce the amount awarded from the requested amount to $16,927.67 in order to comply with both the statutory maximum and the fee contract between Plaintiff and Plaintiff's counsel.

## II.  Reasonableness

Next, the Court must determine whether application of the fee agreement yields reasonable results under the circumstances. *Gisbrecht*, 535 U.S. at 807-08. In making this determination, the Court must recognize the "primacy of lawful attorney-client fee agreements." *Id.* at 793. However, although a contingency agreement should be given significant weight in fixing a fee, the Court can depart from it if it produces unreasonable results. *Id.* at 808. The burden rests with Plaintiff's counsel to establish the requested fee's reasonableness. *Id.* at 807.

The Ninth Circuit has established four factors to guide the Court's inquiry into the reasonableness of a requested fee: (1) the character of the representation; (2) the results achieved; (3) any delay attributable to the attorney in seeking the fee; and (4) whether the benefits obtained were "not in proportion to the time spent on the case"

and raise the possibility that the attorney would receive an unwarranted windfall. *Crawford*, 586 F.3d at 1151-53.

In this case, all four factors weigh in favor of granting Plaintiff's motion. Counsel ably represented Plaintiff and achieved a favorable result—remand and an eventual award of benefits—in a reasonably expeditious manner. The Court further concludes that the requested fees, once reduced to 25% of the past-due benefits, are not disproportionate, nor do they constitute a windfall. The Court finds no cause to further reduce the requested fees.

## CONCLUSION

For the reasons set forth above, the Plaintiff's motion for an award of attorney fees, ECF No. 20, is GRANTED in part. Plaintiff's counsel is awarded fees under 42 U.S.C. § 406(b) in the amount of $16,927.67. The Court previously awarded Plaintiff $6,179.16 in EAJA fees. When issuing the check for payment to Plaintiff's attorney, the Commissioner is directed to subtract this amount from the total award and send the balance of $10,748.51, less any applicable processing or user fees prescribed by statute, to Plaintiff's attorney. Payment of this award should be made via check payable and mailed to Plaintiff's attorney John E. Haapala, Jr., 401 E. 10th Ave., Suite 240, Eugene, OR 97401. Any amount withheld after all administrative and court attorney fees are paid should be released to Plaintiff.

It is so ORDERED and DATED this \_\_\_\_17th\_\_\_\_ day of October 2024.

       /s/Ann Aiken  
       ANN AIKEN  
       United States District Judge